IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| BARBARA L. CLASON,<br><br>　　　　PLAINTIFF,<br><br>vs.<br><br>GLOBAL PAYMENTS CHECK SERVICES, INC.,<br><br>　　　　DEFENDANT. | Civil Action No.<br><br>COMPLAINT and DEMAND FOR JURY TRIAL |
|---|---|

NOW COMES the Plaintiff, Barbara L. Clason ("Plaintiff" or "Clason") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, Global Payments Check Services, Inc. (hereinafter "Defendant" or "GPCS"), alleges as follows:

## I.　INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.　JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

## III.　PARTIES

3. Plaintiff, Barbara Clason, is a natural person residing in Norwalk, Iowa.

4. Defendant, Global Payments Check Services, Inc. is a business engaged in the collection of debts owed to another in the state of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Prairie Meadows Casino, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. On or about December 08, 2010, Plaintiff's attorney forwarded the Defendant correspondence advising the Plaintiff had retained the services of Marks Law Firm for the purpose of managing her debt. The correspondence further advised the Defendant it was no longer authorized to contact the Plaintiff and that the Plaintiff's only source of income was social security. Said correspondence was forwarded via certified mail.

11. Sometime between December 28 and December 31, a representative of the Defendant name Kevin contacted the Plaintiff in an attempt to collect a debt. The Plaintiff explained that she had retained an attorney and provided Kevin with her Attorney's contact information. The Plaintiff further requested the Defendant cease contacting her and to please contact her attorney. The call took place subsequent to the Defendant's receipt of Plaintiff's attorney representation letter.

12. Kevin called the Plaintiff back the same day and stated that no one answered the phone at Marks Law Firm. The Plaintiff explained that this was not likely because the law office typically has two to three persons available to answer the phone at all times. The Plaintiff requested Kevin attempt to contact the attorney again or forward correspondence to the attorney's office. Kevin refused and stated he would not attempt to contact the attorney again and would continue to contact the Plaintiff until she agreed

to make a payment. Kevin was rude to the Plaintiff, spoke over her and hung up on her after stating he would not contact her attorney.

13. During the first two weeks of January, 2011, the Plaintiff continued to receive collection calls from the Defendant. The Defendant contacted the Plaintiff via telephone at two to three times per day.

14. On or about January 27, 2011, the Plaintiff received a collection call from a female representative of the Defendant. The Plaintiff attempted to provide her attorney contact information. The representative refused to take the information. The representative started speaking over the Plaintiff and stated that the signed checks were Ms. Clason's problem and not her attorneys and that she needed to take care of it. The Plaintiff hung up on the representative.

15. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: embarrassment, humiliation, frustration, anger, stress, fear, loss of sleep and anxiety.

V.   FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

16. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 15.

17. Global Payments Check Services, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692c(a)(2) by attempting to collect a debt from the debtor when the debt collector knows the consumer is represented by an attorney and the attorney's contact information is known or could be easily ascertained.

   b. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   c. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communications and communications subsequent that the

   communication is from a debt collector and any information will be used for that purpose.

   d. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

18. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

19. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

20. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI.   SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

21. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20.

22. Global Payments Check S, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692c(a)(2); 1692d(5); 1692e(11); and 1692f.

   b. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual times or locations known to be inconvenient, with the intent to annoy, harass or threaten a person.

   c. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

   d. The Defendant violated Iowa Code § 537.7103(5)(3) by communicating with the debtor in connection with the collection of debt when the debt collection knows the debtor is being represented by an attorney and the

attorney's name and contact information is known or could be easily ascertained.

23. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

24. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

25. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

 /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF